J. C. GRIFFITH. Sheriff *v.* THE COMMISSIONERS OF CASWELL
COUNTY.

The Judge of a Superior Court has no power to order the Commissioners
of one of the counties in his district, to pay the Sheriff any sum for
his services in attending upon the Court.

(*Brandon* v. *Comm'rs. of Caswell,* ante 62, cited and approved.)

This was an ORDER on the defendants, made absolute by his
Honor, *Judge Tourgee,* at the Fall Term, 1873, of CASWELL of
Superior Court.

The plaintiff presented the following order to the defend-
ants, who refused to pay it, to-wit:

"It is ordered by the Court that the Commissioners of Cas-
well county allow and pay to J. C. Griffith, sheriff of Caswell
county, fifty dollars for his services in attending upon this
Court, at Fall Term, 1873."

In their answer to a rule, obtained by plaintiff, to show
cause why they should not be attached, in consequence of their
refusal to obey the foregoing order, the Commissioners dis-
avow any intentional disrespect to the Court, stating that they
had been advised, that the Court had no legal power to make
such order. Upon the hearing, his Honor made the rule ab-
solute, from which order, the defendant appealed.

GILL, *et al. v.* DENTON.

No counsel for defendants in this Court.
*Battle & Son,* for plaintiff.

READE, J.   The questions in this case are the same as those
in the case of *Brandon* v. *Commissioners of Caswell, ante,* 62;
at this Term, and the decision is the same, and for the same
reasons.

There is no error.

This will be certified to the end that the order may be
vacated and the defendants discharged.

PER CURIAM.                          Judgment accordingly.